Argued and submitted November 16, 1984, reversed in part, referee's order reinstated and affirmed on cross-petition February 6, reconsideration denied March 22, petition for review denied April 16, 1985 (299 Or 37)

In the Matter of the Compensation
of Marilyn J. Christensen, Claimant.

CHRISTENSEN,
*Petitioner,*

*v.*

ARGONAUT INSURANCE COMPANY/
STANDARD INSURANCE COMPANY,
*Respondents - Cross-Respondents,*
INDUSTRIAL INDEMNITY COMPANY,
*Respondent - Cross-Petitioner.*

(81-03090, 81-09364; CA A29350)

694 P2d 1017

Kathryn H. Clarke, Portland, argued the cause and filed the brief for petitioner. With her on the brief was Peter O. Hansen, Portland.

LaVonne Reimer, Portland, argued the cause for respondents - cross-respondents. With her on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Scott M. Kelley, Portland, argued the cause for respondent - cross-petitioner. With him on the brief was Cheney & Kelley, P.C., Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant seeks judicial review of a Workers' Compensation Board order that reversed a referee's award of permanent total disability. The issue is whether the Board erred in holding that claimant failed to make a reasonable effort to follow medical advice that she lose weight and thereby failed to mitigate the extent of her disability. Industrial Indemnity cross-petitions from that portion of the Board's order which holds that it is responsible for paying claimant's compensation. We review *de novo*. ORS 656.298(6).

Claimant is 5'3". She weighs about 300 pounds. She suffered a compensable back injury in April, 1980, while working for Standard Insurance Company. Dr. Eigner, her physician, diagnosed a lumbar strain. Within a few weeks she was released to return to work with restrictions on lifting. She returned to her regular duties. Throughout that period she continued to experience back pain. At the time of the injury, Industrial Indemnity was Standard's workers' compensation carrier.

Claimant suffered a second work-related back injury in July, 1980. Dr. Eigner diagnosed a "restrain." She continued to work on a modified basis but was released within two weeks to return to regular duties with a 50-pound lifting limitation. Despite therapy, her back pain continued. On February 3, 1981, she stopped working. She has not worked since. Dr. Eigner confirmed that she should not return to her previous work. At the time of the second injury, Argonaut Insurance was Standard's workers' compensation carrier.

The referee concluded,

"[b]ased upon a preponderance of the evidence[,] that claimant is permanently and totally disabled in accordance with ORS 656.206(1). She is permanently incapacitated from regularly performing work at a gainful and suitable occupation given her permanent impairment to her back and morbid obesity."

On review, the Board found that claimant had failed to meet her burden to prove that she had made a reasonable effort to follow medical advice that she lose weight and that the referee had erred in considering her morbid obesity in determining the extent of her disability. The Board considered the extent

of her disability due to her back injury only, which it concluded was minimal, and awarded her 20 percent permanent partial disability.

■     Claimant first contends that the Board improperly imposed on her the burden of proving that she had made a reasonable effort to follow medical advice that she lose weight. In *Nelson v. EBI Companies,* 296 Or 246, 674 P2d 596 (1984), the Supreme Court considered whether a claimant's failure to follow reasonable medical advice to lose weight could result in a reduced award. There, an obese claimant was found to have unreasonably failed to follow medical advice that she lose weight. Her permanent partial disability award was reduced by the Board from 25 percent to 5 percent. We affirmed. *Nelson v. EBI Companies,* 64 Or App 16, 666 P2d 1360 (1983). The Supreme Court affirmed. As to the burden of proof in such cases, the Supreme Court stated:

> "In workers' compensation cases, we believe the allocation of the burden of proving a claimant unreasonably failed to mitigate damages should follow the common law. We, therefore, hold the Board erred in concluding 'where a case involves the rating of disability and the issue is raised, the burden of proof is on the claimant to show that he or she did not unreasonably fail to follow the medical advice [of her physcian].' The law allocates to the employer the burden of proof to persuade the trier of fact that the worker unreasonably failed to follow needed medical advice or otherwise to mitigate her damages." *Nelson v. EBI Companies, supra,* 296 Or at 252.

The question, therefore, is whether employer proved that claimant failed to make a reasonable effort to follow medical advice that she lose weight. Dr. Eigner testified:

> "Q.   But overall as a general rule obesity is not a permanent problem?
>
> "A.   As far as I know there is zero percent success in treating morbid obesity with intestinal bypass, amphetamines, psychological counseling, drastic caloric restrictions. These people tend to recur.
>
> "Q.   Would you say it is basically a motivational problem of sorts, weight loss?
>
> "* * * * *
>
> "A.   I think it is a very complex disease and we haven't discovered the cure or the cause.

"Q. Have you prescribed diets for her to follow, Marilyn Christensen to follow, to lose weight?

"A. Yes. She has been given a long succession of attempts to get her to lose weight beginning with a thousand calorie diet. She has tried some fad diets from magazines she has brought in and asked me to approve. She has tried, not amphetamines, but a less addictive form of appetite suppressant available now. She was given a machine which counts bites and chewing. All of these methods would improve her weight by ten to 20 pounds and, then, she would relapse. As a final resort, she was referred to a surgeon and she had at least three sessions discussing surgery with him and at the latest time has chosen not to have any kind of surgical intervention.

"Q. What sort of things would cause her to relapse, can you tell me that, with regard to her obesity?

"A. Mainly she would begin eating again.

"Q. So her obesity obviously is directly tied to her appetite; is that correct?

"A. Yes."

Dr. Eigner also testified that claimant had attempted all the recommended treatments, that she had made reasonable efforts to control her obesity and that she did not lack motivation to lose weight.

Claimant testified at the hearing that she was undergoing hypnosis and was considering a gastric stapling procedure, despite the fact that the insurer would not authorize payment for such treatment. After the hearing, the referee referred her to the Risk Factor Obesity Control Program for an independent evaluation. Dr. Palmer, director of that program, stated that claimant would have only a small chance of success in his program. He was not confident that her back pain would diminish with weight loss.

Respondents argue that the evidence shows that claimant's weight problem is within her control, that it is solely a function of her appetite and that the result here is controlled by *Nelson v. EBI Companies, supra.* In *Nelson,* the claimant's physican signed a statement that her condition was "completely within her control" and "entirely voluntary." *Nelson v. EBI Companies, supra,* 296 Or at 249. In holding that the claimant in *Nelson* had failed to make reasonable efforts to lose weight, the Supreme Court reasoned:

"The Court of Appeals found in this case' * * * that claimant was able to lose weight for a while, but she eventually lost enthusiasm for her prescribed weight program. There is no indication in this record other than that she could have continued to lose weight, had she gone back to the regimen Dr. Lautenbach prescribed. There was no medical impediment to success, no severe pain or other contraindications; all that was required was an exercise of will. Her failure to make further efforts was unreasonable.' " *Nelson v. EBI Companies, supra,* 296 Or at 252.

This case is distinguishable from *Nelson* primarily because of the medical testimony regarding individuals with morbid obesity. Dr. Eigner testified that it is typical for those individuals to lose weight but be unable to keep it off, that there has been virtually no success in treating the condition and that medical science has yet to determine its cause or find its cure. Claimant's changing motivation apparently is of physiological or psychological etiology. However, we discern no difference between the two for purposes of determining whether she has reasonably attempted to follow medical advice that she lose weight. Claimant has made repeated attempts to lose weight and has been cooperative with her physician. Employer has failed to carry its burden to prove that she unreasonably failed to follow medical advice. The Board erred in concluding otherwise.

■ The Board correctly found that Industrial Indemnity, the original carrier, is the responsible insurer, because the claim is for an aggravation. The weight of the evidence shows that claimant continued to have pain after her April, 1980, injury and that the event in July, 1980, was an aggravation, not a new injury.

Reversed on petition for judicial review; referee's order as to extent of disability reinstated; affirmed on cross-petition.